IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-215-BO

| | |
|---|---|
| LAURIE E. YOUNG, <br>                Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> *Acting Commissioner of Social Security*, <br>                Defendant. | ORDER |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 15] and defendant's motion to remand [DE 19]. The parties have responded and the motions are ripe. For the reasons that follow, the motion for judgment on the pleadings is GRANTED and the motion to remand is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the Commissioner of Social Security's denial of plaintiff's application for social security benefits. On May 18, 2018, plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act"). She alleged disability beginning on February 22, 2018. After initial denials, plaintiff had a hearing via telephone with an Administrative Law Judge ("ALJ") on June 24, 2020. The ALJ found that plaintiff was not disabled between February 22, 2018 and August 6, 2020. This became the final decision of the Commissioner on November 12, 2020, when the Appeals Council denied plaintiff's request for review. Plaintiff was 51 years old when she applied for benefits.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe

impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity. At step two, the ALJ found that plaintiff had the following severe impairments: cervical degenerative disc disease status post fusion, osteoarthritis, degenerative joint disease left shoulder status post rotator cuff tear repair, depression, anxiety, migraine headaches, and diabetes mellitus with neuropathy. At step three, the ALJ determined that plaintiff did not meet a Listing. At step four, the ALJ found that plaintiff could not return to her past work. The ALJ found that plaintiff had the RFC to perform less than the full range of light work. The ALJ concluded that plaintiff was able to perform light work jobs that exist in significant number in the economy, such as office helper, garment sorter, and marker. Accordingly, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

Plaintiff alleges that the ALJ erred in finding that plaintiff had the capacity to perform light work and argues that plaintiff cannot consistently stand and walk for 6 hours in an 8-hour workday. Defendant argues that this case should be remanded. The Court finds that the ALJ's finding of a light work RFC is not supported by substantial evidence in this case. Plaintiff was suffering from multiple, significant, chronic problems during the time period in question. The medical evidence

3

on the record shows that, at best, plaintiff is limited to sedentary work and is incapable of performing light work on a sustained basis.

The medical evidence shows that between 2018 and 2020 plaintiff suffered from back pain and an impaired range of motion. She had radiating intense pain, down her back and limbs, as well as joint pain. Medical imaging shows facet arthrosis. Plaintiff had multiple surgeries to attempt to alleviate her back pain and headaches. Despite these medical interventions, she still experienced pain and multiple falls in 2018 and 2019. In October 2018, she reported falling because her balance was off, low back pain, and neck pain. In December 2018, plaintiff had neuropathy and an abnormal gait and station. She had shoulder pain continuing into 2019 and was eventually diagnosed with a rotator cuff tear with severe tendinopathy, a partial tear of the bicep tendons, and moderate acromioclavicular joint osteophyte. She eventually had surgery and physical therapy to address this condition. Through 2019, plaintiff continued to experience falls and was diagnosed with left hip trochanteric bursitis. In 2019, it was noted that she was making poor progress even with physical therapy. Plaintiff continued to have limitations in standing, walking, and sitting.

The combination of plaintiff's conditions and symptoms make it clear that plaintiff can perform no more than sedentary work. The ALJ failed to note the medical evidence on the record which showed lower extremity weakness, chronic pain, and instability, including multiple falls. The ALJ's determination that plaintiff could sit and stand for 6 hours a day in a full work week is not supported by substantial evidence. In this case, given plaintiff's age and educational background, plaintiff would meet the definition of Grid Rule 201.14 if the ALJ had found her to have a sedentary RFC. Given the combination of determinations made by the ALJ that were not supported by substantial evidence, the Commissioner's decision must be reversed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ's decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED. Defendant's motion [DE 19] is DENIED. The decision of the Commissioner is REVERSED, and the matter is remanded for an award of benefits.

SO ORDERED, this 22 day of March, 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE